UNITED STATES DISTRICT COURT FILED
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2011 JUL -5 AM 9: 51

CASE:

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA
6: 17-CV- 1229-Orl -41 DCl

DOUG LONGHINI, an Individual

    Plaintiff,

v.

WILLIAM D. McKNIGHT and KATHRYN
A. McKNIGHT, as Co-Trustees of The William
D. McKnight Revocable Trust Agreement of
1997, dated June 24, 1997, and as Co-Trustees of
The Kathryn A. McKnight Revocable Trust Agreement
of 1997, dated June 24, 1997, and ETHOS FLORIDA
LLC, a Florida Limited Liability Company d/b/a
CHEVRON 00209427,

    Defendants.

_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, WILLIAM D. McKNIGHT and KATHRYN A. McKNIGHT, as Co-Trustees of The William D. McKnight Revocable Trust Agreement of 1997, dated June 24, 1997, and as Co-Trustees of The Kathryn A. McKnight Revocable Trust Agreement of 1997, dated June 24, 1997, and ETHOS FLORIDA LLC, a Florida Limited Liability Company d/b/a CHEVRON 00209427 (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.     This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction

over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

3.    Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris.*

4.    At all times material, Defendant, WILLIAM D. McKNIGHT and KATHRYN A. McKNIGHT, as Co-Trustees of The William D. McKnight Revocable Trust Agreement of 1997, dated June 24, 1997, and as Co-Trustees of The Kathryn A. McKnight Revocable Trust Agreement of 1997, dated June 24, 1997 (hereinafter "MCKNIGHT REVOCABLE TRUST"), was and is a Revocable Trust, with its Co-Trustees having a physical address in Kissimmee, Florida.

5.    At all times material, Defendant, MCKNIGHT REVOCALE TRUST, owned real property which is the situs of a gasoline service station and convenience store located at 3146-3152 Vineland Road, Kissimmee, Florida 34746 (hereinafter the "property").

6.    At all times material, Defendant, ETHOS FLORIDA LLC, was and is a Florida limited liability company, with a principal address in Kissimmee, Florida, and with offices and/or agents in Davenport, Florida and Kissimmee, Florida.

7.    At all times material, Defendant, ETHOS FLORIDA LLC, owned and operated a gasoline service station and convenience store business located at 3152 Vineland Road, Kissimmee, Florida 34736 (hereinafter the "businesses").

8.    Venue is properly located in the Middle District of Florida because Defendants' property and businesses are located in Osceola County, Florida, and Defendants regularly conduct business within Osceola County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in Kissimmee, Florida.

FACTUAL ALLEGATIONS

9.      Although nearly twenty years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

10.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

12.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.   DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.   He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.   He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

13.     Defendant, MCKNIGHT REVOCABLE TRUST, owns the property and operates and/or oversees the businesses (the gasoline station and convenience store, and general parking lot and parking spots specific to the businesses) that are the subject of this Action.   The subject property and businesses are open to the public as a place of public accommodation and are located in Kissimmee, Florida.

14.     Defendant, ETHOS FLORIDA LLC, owns, operates and/or oversees the businesses (the gasoline station and convenience store, and general parking lot and parking spots specific to the businesses) that are the subject of this Action.   The subject property and

businesses are open to the public as a place of public accommodation and are located in Kissimmee, Florida.

15.    The individual Plaintiff has visited the property and businesses in the past, to include a visit to the property on or about April 7th, 2017, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property and businesses.  He plans to return to and often visits the property, and the gasoline station and convenience store, in order to avail himself of the goods and services offered to the public at the business, if the property and businesses become accessible.

16.    Plaintiff visited the property, the gasoline station and convenience store businesses as a patron/customer, and intends to return to the properties in order to avail himself of the goods and services offered to the public at the property.   Plaintiff is domiciled nearby the property and businesses, in the same county and state as the property and businesses, has many friends who live in the area as the property and businesses, has regularly frequented the Defendants' property and businesses for their intended purposes, and intends to return to the property and businesses within four (4) months' time from the filing of this Complaint.

17.    The Plaintiff found the property and businesses to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject property and businesses being operated on it, and wishes to continue his patronage and use of each of the property and businesses.

18.    The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in violation of the ADA, at the property and businesses.  The barriers to access at Defendant's property and businesses have each denied or diminished Plaintiff's ability to visit each of the property and businesses and endangered his safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

19.     Defendant, MCKNIGHT REVOCABLE TRUST, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The places of public accommodation (the business property that are the subject of this Action for its violations of the ADA) that Defendant, MCKNIGHT REVOCABLE TRUST, owns and operates, is the property located 3146-3152 Vineland Road, Kissimmee, Florida 34746.

20.     Defendant, ETHOS FLORIDA LLC, owns and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The places of public accommodation (the business property that are the subject of this Action for its violations of the ADA) that Defendant, ETHOS FLORIDA LLC, owns and operates, is the gasoline station and convenience store business located 3152 Vineland Road, Kissimmee, Florida 34746.

21.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described property and businesses, but not necessarily limited to the allegations in Paragraph 23 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the property, gasoline station and convenience store businesses in violation of the ADA. Plaintiff desires to visit the property, not only to avail himself of the goods and services available at the property but to assure himself that the property and businesses are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business without fear of discrimination.

22.     Defendants have discriminated against the individual Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages

and/or accommodations of the property and gasoline station and convenience store business, as prohibited by 42 U.S.C. § 12182 et seq.

23.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendant's property and businesses, include, but are not limited to, the following:

## A. Parking

1.  Plaintiff could not safely access the store as the disabled spaces lack clear access aisles with ramps and level changes in the unloading areas violating ADAAG Section 4.6 and 2010 ADAS Section 502.

## B. Entrance Access and Path of Travel

1.  The Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

2.  The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level greater than ½ inch, violating Section 4.3 of the ADAAG and 2010 ADAS Section 403, whose resolution is readily achievable.

3.  Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. There is no accessible routes from the public sidewalks, bus stops to the building, violating ADAAG Section 4.3 and Section 206 of the 2010 ADAS.

## C. Access to Goods and Services

1. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not use service counters as they are mounted too high. Counters at the facility exceed height limits violating Section 7 of the ADAAG as well as the 2010 ADA Standards, whose resolution is readily achievable.

3. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be accessible and usable by persons with disabilities, violating ADAAG Section 36.211 and the 2010 ADAS.

4. There is no compliant access to shopping for the plaintiff at the facility in violation of ADAAG and 2010 ADAS requirements.

## D. <u>Public Restrooms</u>

1. Plaintiff could not transfer as the water closet has a centerline of 22" and improper grab bars in violation of Section 4.16 of the ADAAG and 2010 ADA Standards Sections 604 and 309, resolution is readily achievable.

2. Plaintiff could not enter and exit the restroom as required maneuvering space is not provided and the door hardware is a knob type violating Section 4.13 of the ADAAG, and Section 404 whose resolution is readily achievable.

3. Plaintiff could not safely use the lavatory in the main bathroom area which lacks required pipe insulation, approach and turnaround space requirements prescribed in the ADAAG and 2010 ADA Standards.

4. Plaintiff could not use the mirror and urinal which are mounted too high in violation of Sections 4.18 and 4.19 of the ADAAG and Sections 603 and 605 of the 2010 ADA Standards, resolution is readily achievable.

24. The discriminatory violations described in Paragraph 23 are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the property, gasoline station, convenience store and restaurant/cafeteria businesses; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building, businesses and facilities; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation, in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26. Defendants have discriminated against the individual Plaintiff by denying his access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.    Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.    A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.    Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

30.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where the Defendants operate their businesses, that is located at 3146-3152 Vineland Road, Kissimmee, Florida 34746, the interiors, exterior areas, and the common exterior areas of the property and businesses to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of

the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: June 27th, 2017.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court, No. 3
Miami, FL 33155
Telephone:  (305) 553-3464
Facsimile:   (305) 553-3031
Primary E-Mail:     ajperezlaw@gmail.com
Secondary E-Mails:ajperez@gmplaw.com,
 agmlaw@bellsouth.net and
 agarciamenocal@gmplaw.com

By: _____
ANTHONY J. PEREZ
Florida Bar No.: 535451
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610